UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| - v. - | : | 13 Cr. 423 (MHD) |
| | : | |
| KERATASHA GREENE, | : | |
| | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# GOVERNMENT'S SENTENCING MEMORANDUM

PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States of America

Emil J. Bove III
Assistant United States Attorney
   - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| - v. - | :    13 Cr. 423 (MHD) |
| KERATASHA GREENE, | : |
|                   Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## GOVERNMENT'S SENTENCING MEMORANDUM

The Government respectfully submits this memorandum in advance of the defendant's sentencing, which is scheduled for September 20, 2013 at 9:30 a.m. For the reasons set forth below, the Government respectfully submits that an appropriate sentence in this case would involve a term of supervision of not less than one year, with conditions that include drug testing and treatment, anger management counseling, and a significant community service component.

## BACKGROUND

I.   **The Defendant's Conduct**

On January 1, 2013, the defendant traveled with her father to the Emergency Room of the James J. Peters Veterans Affairs Medical Center in the Bronx, New York, in order to seek medical treatment for her father. (United States Probation Office's Sept. 12, 2013 Presentence Investigation Report ("PSR") ¶ 7). After the defendant arrived at the Emergency Room, she became displeased with the treatment that was provided to her father and began to threaten the staff. (*See id.* ¶ 7). Because the defendant was interfering with the treatment of other patients in the Emergency Room, as well as that of her father, members of the staff asked

her to leave the treatment room where her father was located. (*Id.*). She refused to do so, and continued to cause a disturbance. (*Id.*).

One of the staff members contacted the Veterans Affairs Police. Sergeant James McDonald and Officer Michael Martinez responded to the Emergency Room at just before 4:00 p.m. (*See id.* ¶ 8). At that time, the defendant escalated the situation further by continuing to refuse to leave the treatment room and yelling and cursing at the officers. (*Id.*). While Sergeant McDonald was attempting to place the defendant in handcuffs, she responded violently by, among other things, punching him and scratching him in the face. (*Id.*). A struggle ensued, during which Sergeant McDonald pushed the defendant and both individuals fell to the floor. (*Id.*). When Sergeant McDonald finally restrained the defendant, she bit his arm. (*Id.*). Sergeant McDonald informed the Probation Office that he missed approximately three weeks of work due to injuries from the assault, which included bite marks, facial abrasions, and a two-inch hematoma on his head. (*Id.* ¶¶ 10-12).

After the defendant was placed under arrest, Sergeant McDonald left the treatment room in which the struggle occurred and waited in the main area of the Emergency Room. As another officer escorted the defendant out of the treatment room and toward the exit, she passed by Sergeant McDonald and spit in his face. The defendant then remained in custody overnight. During that time, she used extremely disrespectful and violent language to insult and threaten the staff and officers in her vicinity, and she kicked another officer in the stomach.

II.     **The Defendant's Guilty Plea**

On January 2, 2013, the defendant was charged in a one-count Complaint with assaulting a federal officer, in violation of Title 18, United States Code, Section 111(a). On June 4, 2013, the Government entered into a plea agreement with the defendant that permitted her to plead guilty to a one-count Misdemeanor Information that charged her with a violation of the

Assimilated Crimes Act, Title 18, United States Code, Section 13(a), based on conduct that constituted Assault in the Third Degree, in violation of New York Penal Law Section 120.00(1).

### III.  The Defendant's Brother

The defendant's brother, Keris Greene, was also present in the Emergency Room on January 1, 2013. (PSR ¶ 9). As Sergeant McDonald was attempting to restrain the defendant, Keris Greene pushed another officer while attempting to get to his sister.

Keris Greene was charged in the same Complaint as the defendant on January 2, 2013. However, in light of, among other things, the relatively minor nature of his assault and his compliant post-arrest behavior, the Government entered into a deferred prosecution agreement with him. (PSR ¶ 33).

### IV.  The Defendant's Criminal History

Under the United States Sentencing Guidelines (the "Guidelines"), the defendant has no criminal history and is therefore in Criminal History Category I. (PSR ¶¶ 28-30).

### V.  Potential Penalties

The defendant's offense of conviction is a Class A misdemeanor, which carries a maximum term of imprisonment of one year, *see* N.Y. Penal Law § 70.15(1); a maximum term of supervised release of one year, a maximum fine of $100,000, and a $25 mandatory special assessment, *see* 18 U.S.C. § 3551(a). (PSR at 12-13). The defendant is also eligible for a sentence of probation of not more than five years. (*Id.* ¶¶ 69-70 (citing 18 U.S.C § 3561(c)(2))).

Under Section 2X5.2 of the Guidelines, the offense level is six. (*Id.* ¶ 23). As a result of the defendant's decision to plead guilty—assuming continued acceptance of responsibility—a two-level reduction is warranted. (*Id.* ¶ 24). Accordingly, because the defendant falls within Criminal History Category I, the applicable Guidelines range is zero to six months' imprisonment. (*Id.* ¶¶ 28-30, 65). The Guidelines also recommend a fine between $250

3

and $5,000, and a term of supervised release of one year.  (*Id.* ¶¶ 68, 72).  However, supervised release is not mandatory in light of the maximum term of imprisonment associated with this offense.  *See* 18 U.S.C. § 3583(a).

The Probation Office recommends a sentence of one year's probation, a $250 fine, and a $25 special assessment.  (PSR at 18).  In addition, the Probation Office recommends that the conditions of the defendant's probation include drug testing and treatment, as well as the completion of an anger management program.

Sergeant McDonald—the most directly impacted, but by no means the only victim in this case—was interviewed by Probation on September 4, 2013.  When asked what sentence he felt would be appropriate, he suggested that the defendant may benefit from an anger-management program and community service at an emergency department of a medical facility.  (*Id.* ¶ 12).  Sergeant McDonald insightfully explained that this form of community service "could demonstrate to [the defendant] the triage concept as well as reflect how stressful the environment is for those who work [in] an emergency department."  (*Id.*)

## **DISCUSSION**

The balance of the Section 3553(a) factors weighs strongly in favor of a sentence in line with the recommendations of the Probation Office and Sergeant McDonald.  Accordingly, the Government respectfully submits that an appropriate sentence in this case would involve a term of supervision of not less than one year, with conditions that include drug testing and treatment, anger management counseling, and a significant community service component.

The defendant's offense conduct reflects an unacceptable lack of respect for medical services personnel and law enforcement, which warrants real punishment.  To reiterate, the defendant punched and bit an officer, and then spat in his face as she was taken out of the

Emergency Room. The passage of time between the defendant's initial assault and her second encounter with Sergeant McDonald should have been sufficient for her to regain her composure, but she instead made a conscious decision to continue the attack after her arrest. Sergeant McDonald's injuries should not be overlooked or minimized. He suffered bite marks, abrasions, and a two-inch hematoma on his head, and he missed work as a result. (PSR ¶¶ 10, 12). The defendant's behavior also hindered the ability of the Emergency Room staff to treat patients, including her father, and inconvenienced those who, like the defendant, were spending New Year's Day in an urgent care facility. And during the night that the defendant was held in custody, she kicked another officer and made numerous threats of violence and degrading insults to law enforcement.

Put simply, this was not a brief, aberrant outburst. It was a prolonged period of violent behavior that lasted for over 12 hours. The duration of the defendant's misconduct casts doubt on her explanation that the whole episode occurred due to a perceived need to protect her father. Furthermore, after the defendant was arrested and separated from her father, she did not once ask about his wellbeing or whereabouts. Instead, she focused her energy on threats of reprisal to those around her.

Finally, although the defendant has not tested positive for marijuana use since January 2013, her history of compliance with Pretrial Services' supervision has been somewhat marginal. The defendant failed to report as directed in May, July, August, and September of this year. (*See* Sept. 6, 2013 Memorandum of Jennifer Powers, U.S. Pretrial Services Officer, at 1-2). This behavior suggests that the defendant has not taken this situation seriously. Therefore, additional supervision would facilitate rehabilitation, promote respect for the law, and help to address the risk of recidivism.

In sum, the defendant has faced challenging personal circumstances and has a number of positive characteristics and accomplishments, including her educational and work pursuits.  Those mitigating considerations are accounted for in the misdemeanor plea agreement in this case.  They are further reflected in the Government's position that incarceration is not necessary.  But, contrary to defense counsel's argument, the defendant's personal characteristics do not justify a sentence of time served without further supervision.  The Government respectfully submits that an appropriate sentence would involve an additional period of supervision that includes conditions relating to drug testing and treatment, anger management counseling, and a substantial amount of community service.  With regard to community service, the Government concurs in Sergeant MacDonald's suggestion that the defendant should be required to complete some, if not all, of that service at an emergency services facility.  Such experience would provide the defendant with a better perspective on the events of January 1, 2013 and the ways in which she can handle any similar situations in the future more constructively.

## CONCLUSION

For the reasons set forth above, the Government respectfully submits that the aims of sentencing would be achieved through a term of supervision of not less than one year, with conditions that include drug testing and treatment, anger management counseling, and a significant community service component.

Dated:    New York, New York
          September 18, 2013

                                    Respectfully submitted,

                                    PREET BHARARA
                                    United States Attorney

                              By:   _____
                                    Emil J. Bove III
                                    Assistant United States Attorney
                                    (212) 637-2444

**CERTIFICATE OF SERVICE**

        The undersigned attorney, duly admitted to represent the United States before this Court, hereby certifies that on the below date, he caused the Government's Sentencing Memorandum be served on counsel for the defendant via ECF and email.

Dated:      New York, New York
              September 18, 2013

                                                            Respectfully submitted,

                                                              Emil J. Bove III
                                                              Assistant United States Attorney